UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANCISCO OF THE FAMILY SANTOS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 19-10387-IT |
| | * | |
| ESSEX COUNTY et al., | * | |
| | * | |
| Defendants. | * | |

ORDER

August 5, 2019

TALWANI, D.J.

*Pro se* Plaintiff Francisco Santos has filed a Complaint [#2] against Essex County, the Child Support Enforcement Division, and three individuals in which he complains that his income was and is being unlawfully seized. For the reasons set forth below, the Court will dismiss this action.

**I.    Background**

In his brief statement of his claim, Santos alleges: "I've lost my driving privileges several times and this has caused the loss of employment due to license suspensions. I was denied a passport. My bank accounts have been cleared several times without warning. I was falsely misled to contract with title IV-D agency." Compl. at 5 (spelling standardized).[1] In his prayer for relief, Santos "demand[s] all contract[s] to be voided/dismissed with prejudice, all payments

---

[1] Massachusetts law "provides for child support enforcement services in accordance with the provisions of Title IV, Part D of the Social Security Act, 42 U.S.C. §§ 651–669b (2006) (Title IV–D)." *Morales v. Morales*, 464 Mass. 507, 510 n.5 (2013). The Massachusetts legislature has "designated the Department of Revenue as the Commonwealth's 'IV–D agency' to administer 'IV–D services.'" *Id.* (quoting M.G.L. Ch. 119A, § 1A).

made to agency refunded." *Id.* He further asks to have his "driving records cleared of all suspension," his driving privileges and passport "reinstated," and all fees to reinstate his license paid. *Id.* He states that brings this action under 42 U.S.C. § 1983 ("§ 1983") and 18 U.S.C. §§ 241 and 242. Santos also filed a <u>Motion for Leave to Proceed *in Forma Pauperis*</u> [#2].

After commencing this action, Santos filed a <u>Notice of Petition [for] Writ of Certiorari</u> [#6] wherein he asks for "impartial judicial review of facts" showing that the defendants' seizure of his property was in violation of his rights under the Fourth Amendment. *Id.* at 1. Santos asserts that his income is being unlawfully seized pursuant to "an administrative income withholding order," the issuer of which "is not a judge, but is a state run child support collection/enforcement agency that is within the executive branch of state government. *Id.* at 4 ¶ 2. He maintains that "the issuer of the income withholding order" he is challenging "is without judicial power to seize property because its administrative income withholding order is without legal force and a clear violation of the separation of powers doctrine." *Id.*

Santos also filed a <u>Notice of Petition for Injunction</u> [#5] in which asks that the Court enjoin the defendants from seizing his property "unless ordered by a warrant or judgment by peers in pursuance of due process." *Id.* at 1-2.

## II.     **Discussion**

### A.     **Motion for Leave to Proceed *in Forma Pauperis***

Upon review of the <u>Motion for Leave to Proceed *in Forma Pauperis*</u> [#2], the Court concludes that Santos has adequately demonstrated that he is without income or assets to pay the filing fee. Accordingly, the motion is GRANTED.

**B.  Review of the Complaint**

Because Santos is proceeding *in forma pauperis*, the Court has conducted a preliminary review of his complaint. The Court may dismiss the action even before summonses have issued if the Court determines that the complaint fails to state a claim upon which relief may be granted or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Court construes Santos's claims liberally because he is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Thus, in determining the sufficiency of his claims, the Court will consider together the Complaint [#1] and the Notice of Petition [for] Writ of Certiorari [#6]. By taking into account the factual allegations in both documents, the Court understands that Santos is alleging that, per the administrative orders of the Child Support Enforcement Division, various adverse actions have been taken against him to collect funds that he is purportedly obliged to pay pursuant to an underlying child support order. These adverse actions include direct seizure of his assets through garnishment of his wages and seizure of funds from his bank accounts, and indirect coercive measurers, including suspension of his driver's license. Santos maintains that these adverse actions are unconstitutional in the absence of (1) a warrant; or (2) a judgment by a court of law after a jury trial.

Even considered together, these pleadings fail to state a claim upon which relief may be granted. The criminal statutes -- 18 U.S.C. §§ 241 and 242 -- do not provide a right of action in a civil case. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as a prosecutor can bring a complaint under 18 U.S.C. §§ 241-242.").

Santos's claims 42 U.S.C. § 1983 also fail. To state a claim under 42 U.S.C. § 1983, a plaintiff must assert that a "person" acting under color of state law deprived him of rights,

3

privileges, or immunities secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983. A state (including its agencies and departments) is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989). The Child Support Enforcement Division is an agency of the Commonwealth of Massachusetts. *See* M.G.L. ch. 119A, § 1. The government of Essex County was abolished in 1999. *See* M.G.L. ch. 34B § 1. Although Essex County remains a geographical designation, it is not a suable entity. Therefore, Santos cannot maintain a § 1983 claim against either entity.

With regard to the § 1983 claims against the individual defendants, the complaint states no facts setting forth any actions taken by these individuals, and accordingly, fails to state any claim upon which relief may be granted, let alone a claim as to each individual. *See* Fed. R. Civ. P. 8(a)(2) (a pleading that states a claim for relief must contain "a short and plan statement of the claim showing that the pleader is entitled to relief").

Moreover, Santos's legal theory of liability is fatally flawed. He asserts that the enforcement orders for the withholding of his income are invalid because they were issued by an administrative agency. The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The guarantee of due process does not prohibit every deprivation by the government of a person's life, liberty or property. It requires that the government provide "due process" with regard to the deprivation. *Cf. Wolff v. McDonnell*, 418 U.S. 539, 558 (1974) ("The touchstone of due process is protection of the individual against arbitrary action of government.").

The process required to satisfy the mandate of due process is fact-specific and depends on the nature and context of the deprivation. *See Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (stating that "the requirements of due process are "flexible and cal[l] for such procedural

protections as the particular situation demands" (alteration in original) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972))). As a general matter, due process requires notice to the individual facing the deprivation and an opportunity to be heard. The opportunity to be heard comes in many forms, and it does not necessarily require a judicial or even a formal proceeding. *See e.g.*, *Wolff*, 418 U.S. at 539 (setting forth requirements of prison disciplinary hearing required before revocation of good-time credits); *Boston Redev. Auth. v. Nat'l Park Serv.*, 838 F.3d 42, 50 (2016) (holding that, where state agency had notice of federal agency's position with regard to a boundary dispute and state agency was permitted to present its point of view during a meeting with the federal agency, state agency was afforded due process); *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 135 (1st Cir.2005) (holding that state employer's pre-hearing termination satisfied due process requirements even though the employee did not appear and submitted his arguments in writing).

Here, Santos alleges that his right to due process has been denied because his income was withheld pursuant to an administrative order rather than pursuant to a warrant or court order. As set forth above, due process does not guarantee an opportunity to be heard in court regardless of the interest at stake. Santos does not allege that he was denied notice or an opportunity to be heard with regard to the administrative enforcement orders, or that Massachusetts law regarding administrative enforcement orders otherwise fails to provide adequate process. A IV-D agency is required to provide adequate notice to child support obligor of unpaid amount, the date the unpaid amount is due, and the obligor's right to request an administrative hearing. *See* M.G.L. ch. 119A, § 6(b)(2). Further, an obligor may seek judicial review of a final agency decision, *see* M.G.L. ch. 119A, § 6(c), but the obligor does not have a right to a jury trial, *see Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 418 (noting that Seventh Amendment right to a jury trial

"governs proceedings in federal court, but not in state court"); *Stonehill College v. Mass. Comm'n Against Discrimination*, 441 Mass, 549, 566 n.20 (2004) (stating that "[i]ndisputably, no constitutional right to a jury trial attaches in the Probate and Family Court"). Moreover, Massachusetts law provides individuals who contest a child support action that results in suspension of the obligor's driving privileges a procedure to challenge the same, *see* M.G.L. ch. 119A, § 16(e), and Santos fails to identify any constitutional defects with that process.

For the reasons set forth above, Santos has failed to state a claim upon which relief may granted. In the absence of any adequately pled claims, the Court will deny the Notice of Petition for Injunction [#5]. If Santos wishes to pursue this action, he must file an amended complaint that states a claim upon which he may be granted relief.

## III. Conclusion

In accordance with the foregoing, the Court hereby orders:

1. The Motion for Leave to Proceed *in Forma Pauperis* [#2] is GRANTED.

2. The Notice of Petition for Injunction [#5] is DENIED.

3. To the extent Santos intended the Notice of Petition [for] Writ of Certiorari [#6] to be treated as a motion, the same is DENIED without prejudice.

4. If Santos wishes to pursue this action, he must, within thirty-five (35) days of the date of this order, file an amended complaint. Failure to comply with this directive may result in dismissal of the action.

IT IS SO ORDERED.

                                              /s/ Indira Talwani
                                              United States District Judge

August 5, 2019